Randy A. SCHULZ, et al., Respondents,

v.

Thomas STANTON, et al., etc.,
Appellants,

Dennis V. Elwell, Respondent,

James E. Tatro, et al., Respondents.

No. 81–220.

Supreme Court of Minnesota.

Sept. 25, 1981.

Geraghty, O'Loughlin & Kenney and Robert Mahoney, St. Paul, for appellants.

Joel A. Montpetit, So. St. Paul, for Schulz, et al.

Peterson Bell & Converse and Martin J. Costello, St. Paul, for Elwell.

William J. McEvoy, West St. Paul, for Tatro, et al.

YETKA, Justice.

This is an appeal from a judgment of the district court dismissing a cross-claim for contribution.

Plaintiffs sued appellants, who are the owners of a bar, alleging that the plaintiffs were assaulted on April 29, 1977, outside the bar and that appellants were negligent in failing to keep the premises safe for customers.

On November 16, 1979, over 2 years after the assault, plaintiffs sued the people who allegedly assaulted and battered them. Appellants, the bar owners, then cross-claimed for contribution or indemnity.

A year later, on November 19, 1980, the alleged assaulters moved for leave to amend their answers to assert the 2-year statute of limitations as a defense and to dismiss plaintiffs' complaint and appellants' cross-claim on the same ground. Plaintiffs responded by moving to amend their complaint to allege a negligence count against the assaulters, an action which is not governed by the statute of limitations that applies to assaults.

The trial court, without any accompanying explanatory memorandum, granted all three motions. This appeal followed.

Appellants contend that the dismissal was based on the statute of limitations. Respondents argue that it may have been based on the ground that a cross-claim may be asserted only against a coparty and that at the time of the dismissal, respondents technically were not coparties. Whatever the reason, it is clear that the statute of limitations has not run, *see Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975), and that the cross-claim may now be asserted against respondents, who are now coparties.

Reversed and remanded for trial on both the main action and claim for contribution.